IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 7:22-cr-00660-HMH |
| v. | |
| TONNY LEE FREEMAN | **PLEA AGREEMENT** |

## General Provisions

This PLEA AGREEMENT is made on _August 3rd_, 2022, between the United States of America, as represented by United States Attorney ADAIR F. BOROUGHS, Assistant United States Attorney Justin W. Holloway, the Defendant, **TONNY LEE FREEMAN**, and the Defendant's attorney, Ryan L. Beasley, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Counts 1 and 18 of the indictment now pending. Count 1 charges conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D). Count 18 charges conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

A. First, there was an agreement between two or more people to distribute or possess with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and a quantity of marijuana;

B. Second, the Defendant knew of this agreement or conspiracy;

C. Third, the Defendant knowingly and voluntarily participated in or became a part of this agreement or conspiracy; and

D. Fourth, the Defendant either personally distributed or possessed with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and a quantity of marijuana – or it was reasonably foreseeable to the Defendant that members of the conspiracy would be doing so.

**The penalty for a violation of 21 U.S.C. § 841(b)(1)(A) is:**

IMPRISONMENT FOR   10 years - Life
FINE OF $ 10,000,000
TERM OF SUPERVISED RELEASE OF   at least 5 years
SPECIAL ASSESSMENT  $ 100

**The penalty for a violation of 21 U.S.C. § 841(b)(1)(D) is:**

IMPRISONMENT FOR   0-5 years
FINE OF  $ 250,000
TERM OF SUPERVISED RELEASE OF   at least 2 years
SPECIAL ASSESSMENT  $ 100

(Note: the Government withdrew the sentencing enhancement against the defendant properly charged in the indictment due to the defendant's criminal history.)

## Count 18

Title 18, United States Code, Section 1956(h), makes it a crime to conspire to conduct a financial transaction with the intent to promote the carrying on of an unlawful activity and also with the intent to conceal the proceeds of an unlawful activity. To prove conspiracy to commit money laundering as charged in the indictment, the Government must prove the following:

A. First, a conspiracy, agreement, or understanding to commit money laundering was formed or entered into by two or more persons at or about the alleged time;

B. Second, during the conspiracy, the Defendant knew the property involved represented the proceeds of some form of specified unlawful activity;

C. Third, the Defendant knowingly and voluntarily participated in the conspiracy;

D. Fourth, as part of the conspiracy, the Defendant or a co-conspirator conducted a financial transaction affecting interstate commerce or involving a financial institution whose activities affect interstate commerce;

E. Fifth, the financial transaction involved drug proceeds;

F.  Sixth, the Defendant knew the transaction involved drug proceeds;

G.  Seventh, at least one transaction was designed to conceal or disguise the nature or source of the proceeds; and

H.  Eighth, at least one transaction was intended to promote additional drug trafficking.

**The penalty for a violation of 18 U.S.C. § 1956(h) is:**

IMPRISONMENT FOR  0–20 years
FINE OF $ 500,000 (or twice the value of the property involved)
TERM OF SUPERVISED RELEASE OF up to 3 years
SPECIAL ASSESSMENT  $ 100

2.  The Defendant understands and agrees that monetary penalties (e.g., special assessments, restitution, fines and other payments required under the sentence) imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613, and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

   A.  Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

        B.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this agreement, the United States agrees to move to dismiss the remaining counts of the indictment (and any other indictments under this number) at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Forfeiture

5. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Indictment, and any forfeiture Bill of Particulars.

With regard to each and every asset listed in the indictment or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of his/her

cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

## Merger and Other Provisions

6. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

7. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

8. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

8-3-22
Date

*[signature]*
Tonny Lee Freeman
Defendant

8-3-22
Date

*[signature]*
Ryan L. Beasley, Esquire
Defense Attorney

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

8-8-2022
Date

*[signature]*
Justin Holloway (Fed. ID # 11684)
Assistant United States Attorney